No. 126,141

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

S.B. and C.B., Individually and
as Parents and Guardians of J.B.,
*Appellants*,

v.

SEDGWICK COUNTY AREA EDUCATIONAL
SERVICES INTERLOCAL COOPERATIVE #618,
*Appellee*.

SYLLABUS BY THE COURT

1.

A claim of direct negligence requires the plaintiff to demonstrate that the defendant owed a duty to the injured party, the defendant breached that duty, the breach caused the plaintiff's damages, and that the plaintiff suffered damages.

2.

Whether the defendant owes a duty to a third party to exercise reasonable care under the circumstances is a question of law.

3.

An employer of teachers working in an elementary-aged public education setting owes a duty to exercise reasonable care to protect students from being inappropriately physically restrained and hit by its employees acting within the scope of their employment.

1

4.

After determining an employer owes a third party a duty to exercise reasonable care under the circumstances, it is a question of fact whether that duty of reasonable care includes a duty to train and supervise its employees.

5.

The court must identify the alleged breach to appropriately define the reasonable standard of care under the circumstances.

6.

An expert witness is typically required to establish the reasonable standard of care in a case alleging professional liability or when the subject matter is outside the common knowledge, skill, or experience of an average juror.

7.

Not every alleged breach of a job function requires expert testimony to establish a deviation from the reasonable standard of care in the performance of the job function.

8.

It is well established in Kansas that expert testimony is not needed to establish causation or deviations from the reasonable standard of care in cases involving nonprofessional services or subject matter within common knowledge, skill, or experience of the lay juror.

Appeal from Sedgwick District Court; WILLIAM S. WOOLLEY, judge. Oral argument held July 9, 2024. Opinion filed October 11, 2024. Reversed and remanded with directions.

*Chris Dove*, of Dove Law, LLC, of Roeland Park, and *Benjamin C. Fields*, of Fields Law Firm, of Kansas City, Missouri, for appellants.

*Andrew L. Foulston* and *Katy E. Tompkins*, of McDonald Tinker PA, of Wichita, for appellee.

Before MALONE, P.J., HURST and COBLE, JJ.

HURST, J.: This case turns on the single issue of whether an expert witness is needed to establish a deviation from the reasonable standard of care of an employer to protect a third party from its employees. After a teacher employed by the Sedgwick County Area Educational Services Interlocal Cooperative #618 (Interlocal 618) physically retrained and struck the plaintiffs' four-year-old child in the face, the plaintiffs filed suit against Interlocal 618 for damages. In the case on appeal, the plaintiffs claim that Interlocal 618 deviated from the reasonable standard of care to protect their child from being physically assaulted by its employee. Specifically, the plaintiffs allege that Interlocal 618 negligently trained and supervised the employee who struck their child.

The district court granted Interlocal 618 summary judgment finding that the plaintiffs failed to provide required expert testimony to establish the reasonable standard of care. Contrary to the district court's finding, this case presents no claim of professional liability nor technical, scientific, or uncommon questions involving language or terms outside the knowledge, skill, or experience of the average juror that requires expert testimony. While the plaintiffs' child received special education services, the reasonable standard of care to prevent the plaintiffs' child from being physically assaulted by a teacher was unrelated to the child's specific educational needs.

The plaintiffs' claim that Interlocal 618 breached its duty of reasonable care to protect their four-year-old child from being physically assaulted by its employee, and that breach resulted from inadequate training and supervision of the employee. The plaintiffs'

3

claim does not require expert testimony to establish the reasonable standard of care. The district court's order granting Interlocal 618 summary judgment is reversed, and this case is remanded for further proceedings consistent with this opinion.

## FACTUAL AND PROCEDURAL BACKGROUND

Jessica Alves worked for Interlocal 618 from approximately August 1, 2016, until she was forced to resign because of the incident at issue here, which occurred on January 30, 2018. During that same time, the plaintiffs' child, a four-year-old student with autism, attended special education classes at the elementary school.

The plaintiffs' description of the incident giving rise to this case varies slightly from the defendant's description, but the parties agree regarding the primary points. The agreed conduct is included without the sentiment assigned by either party.

On January 30, 2018, Alves and two paraeducators were in the classroom with the plaintiffs' child and other students when an incident occurred in which Alves physically restrained and struck the plaintiffs' child. When the instructors attempted to transition the plaintiffs' child from one activity to another, he resisted by putting his fingers in his mouth, blowing snot out of his nose, and flailing his arms. While swinging his arms, the plaintiffs' child hit or slapped staff, including hitting Alves in the leg. In response, Alves slapped the child's hand at least twice. After some minutes while the child continued this, Alves placed the child in a physical restraint hold. While Alves held the child in front of her, he knocked his head into Alves' chest and Alves responded by striking the four-year-old child on the face. A short while later, Alves responded to the child's continued actions by placing him in a second restraint hold. Following an investigation, which included reports from the paraeducators present at the incident, Interlocal 618 forced Alves to either resign or have her employment terminated.

4

Interlocal 618 does not dispute that Alves acted inappropriately when she restrained and struck the plaintiffs' child. According to Interlocal 618, Alves attended trainings on nonviolent crisis intervention and a nonviolent intervention refresher; Emergency Safety Interventions; Universal Design for Learning; a training on Least Restrictive Environment regarding appropriate education of diverse students; training on executive functioning; and training on apps for students with autism spectrum disorder. The elementary school principal, who was not an Interlocal 618 employee, supervised Alves' day-to-day activities.

In October 2020, after originally initiating an action in the United States District Court for the District of Kansas, the plaintiffs filed the negligence action underlying this appeal against Interlocal 618 on their child's behalf. See *Barr v. Sedgwick County Area Educational Services Interlocal Cooperative #618*, No. 19-2556-JWB, 2020 WL 5572692, at *2-8 (D. Kan. 2020) (unpublished opinion) (dismissing the plaintiffs' claims to allow them to refile in State court). The plaintiffs' original suit alleged that Interlocal 618 breached its duty to train and supervise Alves and that Interlocal 618 was vicariously liable for Alves' negligent actions taken while acting within the scope of her employment. The plaintiffs no longer assert a vicarious liability claim.

The plaintiffs timely disclosed two retained expert witnesses—a clinical and forensic neuropsychologist and an occupational therapy, rehabilitation, and life planning expert—and several nonretained experts who treated their child by the district court's April 30, 2021 deadline. Interlocal 618 then disclosed its retained expert regarding the plaintiffs' damage allegations; nonretained medical care provider experts; and all billing and account managers and personnel of the medical providers by its deadline. The plaintiffs did not disclose any rebuttal experts, and discovery closed on August 19, 2022.

On September 18, 2022, the district court entered an agreed pretrial order that described the plaintiffs' theory of recovery as follows:

5

"1. Plaintiffs claim that the Interlocal breached its duty of care to [the plaintiffs' child], to properly supervise its students and supervise and train its staff in order to take reasonable steps necessary for the protection of students like [the plaintiffs' child]. Kansas law states this is a special duty of care on the part of schools and educational providers to act *in loco parentis* for the protection of children who are entrusted to their care. The Interlocal failed to act reasonably, in numerous respects, in order to protect [the plaintiffs' child]."

The pretrial order described the plaintiffs' factual issue as, "Did Defendant Interlocal fail to act reasonably in its training and supervision of Jessica Alves and [the plaintiffs' child], which resulted in [the plaintiffs' child's] injuries?"

*Interlocal 618's Motion for Summary Judgment*

On October 5, 2022, Interlocal 618 moved for summary judgment, arguing that the plaintiffs had abandoned their claim of vicarious liability and were solely pursuing a claim of direct negligence against Interlocal 618 for not protecting their child resulting from a failure to adequately train and supervise Alves. Interlocal 618 further argued that the plaintiffs' claim related to the reasonable standard of care for a special education service provider, which required expert testimony because it fell outside the knowledge of a lay juror. Therefore, according to Interlocal 618, the plaintiffs' failure to identify an expert regarding this specialized standard of care required the district court to enter judgment in its favor.

Among other things, the plaintiffs argued that they did not need an expert to establish the reasonable standard of care because the negligence allegation was unrelated to special education services or programs. Instead, the plaintiffs claimed that Interlocal 618 deviated from the reasonable standard of care to protect their child by failing to train and supervise its employee to protect their child from being inappropriately physically restrained and hit. The plaintiffs clarified that their claim is negligent supervision and

6

training, including that Interlocal 618 was responsible for Alves' acts under the Kansas Tort Claims Act (KTCA) without the need to show liability under a theory of respondeat superior. Interlocal 618 responded that the plaintiffs failed to present a claim of vicarious liability under the KTCA for Alves' actions in the pretrial order.

On December 14, 2022, in an oral pronouncement, the district court granted Interlocal 618's motion for summary judgment. The court found the plaintiffs maintained just one claim of direct negligence alleging the defendants deviated from the reasonable standard of care in training and supervising Alves. The district court then found that the plaintiffs needed an expert to establish the reasonable standard of care, and therefore, granted the defendant's motion for summary judgment for failure to do so. The court explained that "an expert is required to testify as to the level of supervision required by the defendants over Alves' teaching of lower elementary level special education students like [the plaintiffs' child], and whether defendant violated that level of supervision."

The district court's oral ruling left no remaining claims, and the court's written order does not include additional reasoning but incorporates by reference the reasons pronounced at the hearing. The plaintiffs appealed.

DISCUSSION

The plaintiffs brought a negligence action against Interlocal 618 seeking damages from Alves' inappropriate restraint and physical assault of their four-year-old child. Although the plaintiffs initially pursued several theories of liability—including direct and vicarious—only the direct negligence claim alleging a breach of Interlocal 618's duty to protect their child from physical harm remains. Thus, the only issue on appeal is whether the district court correctly determined that the plaintiffs' claim requires expert testimony to establish the reasonable standard of care under the circumstances.

7

I. *Interlocal 618 Owed the Plaintiffs' Child a Duty of Reasonable Care*

The plaintiffs' negligence claim requires them to demonstrate: "(1) defendant owed a duty to the plaintiff; (2) defendant breached that duty; (3) plaintiff's injuries were caused by the defendant's breach; and (4) plaintiff suffered damages." *Reardon v. King*, 310 Kan. 897, 903, 452 P.3d 849 (2019). The first step of a negligence claim requires this court to determine whether Interlocal 618 owed a duty to the plaintiffs' child as a matter of law. As explained below, the parties appear to agree that Interlocal 618 owed the plaintiffs' child a duty of reasonable care to protect him from being physically harmed by its employees. Only after identifying the duty owed to the plaintiffs' child—and allegedly breached by the defendant—can the district court determine whether an expert witness is required to explain the reasonable standard of care required to satisfy that duty.

Even if the parties contend no agreement exists regarding Interlocal 618's duty to the plaintiffs' child, the Kansas Supreme Court has found that a special relationship exists between teachers/administrators and their students in which the employer/administrator owed a duty of reasonable care to protect students. See *Beshears v. U.S.D. No. 305*, 261 Kan. 555, 560, 930 P.2d 1376 (1997) (noting the special relationship that can exist between the school and students in their care); *Sanchez v. U.S.D. 469*, 50 Kan. App. 2d 1185, 1199, 339 P.3d 399 (2014) (schools owe a duty of reasonable supervision and protection to elementary and secondary students, derived in part from the doctrine of *in loco parentis*). "[A]n employer owes a duty of reasonable care under the circumstances to prevent harm to third parties caused by its employees when those employees are acting within the scope of their employment." *Reardon*, 310 Kan. at 904. Interlocal 618's duty to the plaintiffs' child includes its duty as an employer of teachers who encounter students within the scope of their employment.

The plaintiffs allege that Interlocal 618's duty of reasonable care included a duty to train and supervise its employees. However, the duty to train and supervise employees

8

are not separate or distinct causes of action in Kansas. "[E]mployers in Kansas do not have a duty to third parties to train or to supervise their employees," rather those employers "have a duty to exercise reasonable care under the circumstances." *Reardon*, 310 Kan. at 904-05. The court cautioned lower courts against narrowing the definition of a party's duty to invade the purview of the fact-finder. *Reardon*, 310 Kan. at 904. The duty of reasonable care is meant to "set broadly applicable guidelines for public behavior." 310 Kan. at 904. The Kansas Supreme Court explained that "by defining an employer's duty as one of 'reasonable care,' we reserve the question of what specific acts constitute 'reasonable care' in any of the infinite factual circumstances that could exist to the second element of a negligence claim—breach of the duty." 310 Kan. at 904.

An employer of teachers, as Interlocal 618 is here, must exercise reasonable care under the circumstances to protect the safety of students in the care of those teachers. A fact-finder may determine that Interlocal 618's duty to protect student safety included providing reasonable training and supervision of its employees. See, e.g., *Reardon*, 310 Kan. at 903-04 (explaining the special relationship "between employers and third parties who come into contact with their employees"); *Saunders as next friend of R.S. v. USD 353 Wellington*, No. 19-2538-DDC-TJJ, 2021 WL 1210019, at *13 (D. Kan. 2021) (unpublished opinion) (explaining that *Reardon* did not change the duty of reasonable care owed by school employees to protect school children).

II. *No Expert Was Needed to Establish Reasonable Standard of Care*

After determining that Interlocal 618 owed the plaintiffs' child a duty to exercise reasonable care as a matter of law, it then becomes a question of fact whether Interlocal 618 breached that duty. *Granados v. Wilson*, 317 Kan. 34, 43, 523 P.3d 501 (2023) (while the existence of a duty is a question of law, whether specific conduct breaches that duty is a question of fact). The core issue on appeal derives from this second step— whether Interlocal 618 breached its duty by deviating from the standard of reasonable

9

care under the circumstances. This court must identify the correct standard of reasonable care at issue before determining if an expert is required to establish that standard of care.

Interlocal 618 argues that the standard of care includes the "specific type of training a special education teacher would need before being qualified to teach students like [the plaintiffs' child]." In accordance with Interlocal 618's argument, the district court explained the reasonable standard of care as "the supervision of a special ed teacher over a lower elementary special needs student" or the "level of supervision required . . . over Alves' teaching of lower elementary level special education students like [the plaintiffs' child]." However, the plaintiffs allege that Interlocal 618 breached its duty of reasonable care to prevent Alves from inappropriately physically restraining and assaulting their child—not its duty to train or supervise Alves to be a qualified special education teacher.

The parties argue for significantly different standards of care which could impact the case outcome. When the alleged negligence involves a breach of a professional standard of care outside the common knowledge and skill of an average juror, an expert witness is typically required to establish deviation from that professional standard. See, e.g., *Schlaikjer v. Kaplan*, 296 Kan. 456, 464, 293 P.3d 155 (2013) (expert testimony required in medical malpractice case to establish treatment standard for tracheal stenosis which was outside the common knowledge and experience of the average juror); *Tudor v. Wheatland Nursing*, 42 Kan. App. 2d 624, 633, 214 P.3d 1217 (2009) (expert was necessary in nursing home case regarding care and safety measures provided to a resident). For example, an expert witness is typically required to establish the parameters of the reasonable standard of care in cases involving allegations of medical malpractice, inappropriate accounting practices, or legal malpractice. See, e.g., *Williamson v. Amrani*, 283 Kan. 227, 244, 152 P.3d 60 (2007) ("Expert testimony is generally required in medical malpractice cases to establish the standard of care and to prove causation."); *Battenfeld of America Holding Co., Inc. v. Baird, Kurtz & Dobson*, 60 F. Supp. 2d 1189, 1210-11 (D. Kan. 1999); *Bowman v. Doherty*, 235 Kan. 870, 879, 686 P.2d 112 (1984)

("Expert testimony is generally required and may be used to prove the standard of care by which the professional actions of the attorney are measured and whether the attorney deviated from the appropriate standard."). An expert witness is needed to establish the standard of care or causation in a negligence action when "the subject matter is too complex to fall within the common knowledge of the jury and is 'beyond the capability of a lay person to decide.'" *Williamson*, 283 Kan. at 245 (quoting *Hare v. Wendler*, 263 Kan. 434, 445, 949 P.2d 1141 [1997]).

Interlocal 618 argues that the reasonable standard of care in this case should be likened to the reasonable standard of care in a case alleging negligent care of a disabled resident of a group living facility. See *Peterson v. Community Living Opportunities, Inc.*, No. 99,545, 2008 WL 5401456 (Kan. App. 2008) (unpublished opinion). In *Peterson*, a disabled patient living in a group intermediate care facility needed several teeth extracted and brought a negligent dental care action against the facility. 2008 WL 5401456, at *1-2. The district court granted summary judgment to the facility because the patient failed to provide expert testimony on the appropriate standard of care for providing dental care to a disabled patient. 2008 WL 5401456, at *3. On appeal, a panel of this court affirmed the district court's decision, noting that although an average juror would understand the mandate to brush, floss, and have regular dental examinations, the reasonable standard of care for providing dental care to disabled patients involves specialized knowledge and terminology outside the common knowledge of a juror. 2008 WL 5401456, at *4. Interlocal 618's reliance on *Peterson* is misplaced because it involves allegations of negligent provision of medical/dental care and services to a disabled patient—not negligent training and supervision of employees to prevent physical assault. Moreover, even if *Peterson* included allegations of negligent supervision, the type and quality of training and supervision required to ensure that disabled patients receive reasonable medical/dental care is distinguishable from the supervision and training required to prevent a teacher from inappropriately physically restraining and hitting a four-year-old student.

11

"Holdings of an expert testimony requirement outside the area of professional liability, where breach of a standard of care must be proven, are not easily found." *Moore v. Associated Material & Supply Co.*, 263 Kan. 226, 235, 948 P.2d 652 (1997). Professional liability is the legal consequence from the wrongful acts, omissions, mistakes, misstatements, and failures of a person performing professional acts or working within the scope of their professional occupation. While this court does not undertake the arduous and unnecessary task of identifying every job function or activity that could subject a defendant to professional liability claims, there must necessarily be a limit. To find otherwise would mean that any claim of negligence related to an alleged deviation from the reasonable standard of care in the performance of a job function would require expert testimony. That is simply not accurate. It is well established in Kansas that expert testimony is not required to establish causation and deviations from the reasonable standard of care in cases involving nonprofessional services or subject matter within common knowledge of the lay juror. See, e.g., *Moore*, 263 Kan. at 235 (finding no expert needed to establish causation when the case was unrelated to professional liability); *Sterba v. Jay*, 249 Kan. 270, 283, 816 P.2d 379 (1991) (no expert required to establish deviation from standard of care regarding negligent warning); *Marshall v. Mayflower Transit, Inc.*, 249 Kan. 620, 630, 822 P.2d 591 (1991) (no accident reconstruction expert needed to establish causation). "Where the normal experience and qualifications of jurors permit them to draw proper conclusions from given facts and circumstances, expert conclusions or opinions are not necessary." *Sterba*, 249 Kan. at 283.

In *Sterba*, the driver of a truck struck and killed a city employee who was performing road maintenance. The trial proceeded without an expert regarding the city's duty to provide warning signs and devices regarding the road maintenance, and the district court permitted the jury to compare the fault of the deceased, the defendants, and the city. The jury attributed some of the fault to the city for failure to properly warn oncoming drivers about the road maintenance, but the plaintiff argued that an expert was

12

needed to establish whether the city deviated from the reasonable standard of care in its warnings. A city employee testified that the city used part of the Manual on Uniform Traffic Control Devices (MUTCD) for its safety guidelines for street maintenance, but "it was not mandatory" to follow the MUTCD for the maintenance on the day of the accident. 249 Kan. at 273. On appeal, the Kansas Supreme Court explained that "whether the warning signs or devices were sufficient to warn an ordinary observant driver of a construction or maintenance operation . . . falls within the common knowledge and experience of motorists." 249 Kan. at 283.

Interlocal 618 argues that *Tudor* supports the need for an expert witness to establish the reasonable standard of care in a case alleging negligent supervision. In *Tudor*, a nursing home resident with serious medical conditions that caused him difficulty swallowing, regurgitating, and a risk of aspiration took a sandwich from a snack cart and stuffed it in his mouth, which caused him to choke and die. The patient's estate filed a wrongful death action including claims of failure to properly hire, train, and supervise nursing home staff. 42 Kan. App. 2d at 627. The district court granted the nursing home's summary judgment motion, finding the plaintiff needed an expert to establish the nursing home's alleged deviation from the standard of reasonable care "in its initial assessment or acceptance of [the patient] as a resident and whether [the defendant's] care, treatment, supervision, and monitoring of [the patient] was reasonable." 42 Kan. App. 2d at 627. A panel of this court affirmed, finding the patient's unique symptoms and conditions required an expert's testimony regarding the reasonable standard of care. 42 Kan. App. 2d at 631-32. However, the *Tudor* holding relates to the reasonable standard of care for supervising and providing services to a medically fragile patient—not the reasonable standard of care required to train or supervise the staff who cared for the patient to not physically assault patients. 42 Kan. App. 2d at 631-32. *Tudor* is distinguishable.

While it does not appear that this court has directly addressed whether an expert witness is needed to establish the reasonable standard of care in a case alleging negligent

13

training and supervision, a federal district court applying Kansas law has recently addressed the issue. See *Workman v. Kretzer*, No. 20-2605-JWL, 2021 WL 6049848, at *2-3 (D. Kan. 2021) (unpublished opinion). In *Workman*, the plaintiff alleged that while the defendant's employee drove a tractor-trailer in the course of his employment, the employee made a U-turn on a roadway that caused a collision that killed the plaintiff's mother. The plaintiff alleged the employer negligently hired, retained, supervised, and trained the employee who caused the accident. The defendant sought summary judgment, arguing that the plaintiff needed an expert "concerning the relevant standard of care and its breach" for the plaintiff's negligent hiring, retention, supervision, and training allegations. 2021 WL 6049848, at *2. The federal court concluded that Kansas law did not require expert testimony, even though the trucking industry is heavily regulated, when the defendant did not allege those regulations applied to its conduct at issue and the plaintiff did not include professional negligence claims. 2021 WL 6049848, at *2.

Contrary to Interlocal 618's assertions, the plaintiffs do not allege that Interlocal 618 deviated from the reasonable standard of care to train and supervise its employees to provide professional services to students with specialized educational, behavioral, or physical needs. Rather, the negligence claim alleges a deviation from the standard of reasonable care to train and supervise Alves to not inappropriately physically restrain or hit the plaintiffs' four-year-old child. Interlocal 618 fails to identify anything about its training or supervision to prevent teachers from physically assaulting students that creates professional liability, requires technical or scientific knowledge, or is outside the common knowledge, understanding, or skill of an average juror. On appeal, Interlocal 618 does not argue that Alves appropriately or justifiably restrained or hit the plaintiffs' child under the circumstances or based on Alves being a special education teacher. Under these circumstances, Interlocal 618's alleged breach of the reasonable standard of care to train and supervise Alves to not inappropriately restrain or physically assault the plaintiffs' child is unrelated to providing specialized educational services to the plaintiffs' child.

CONCLUSION

Having found that the plaintiffs were not required to provide an expert witness to establish whether Interlocal 618 deviated from the reasonable standard of care to protect the plaintiffs' child from being inappropriately restrained or hit by Alves, the district court's summary judgment decision is reversed. While an expert witness is not required, that does not mean the plaintiffs can establish that Interlocal 618 deviated from the reasonable standard of care or that its actions caused the alleged damages. This case is remanded for further proceedings consistent with this opinion.

Reversed and remanded with directions.